UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DAVID ALLEN HANCOCK, | AMENDED CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 2:17-00310 - RL-JEM |
| EDUCATIONAL CREDIT MANAGEMENT CORPORATION, | DEMAND FOR JURY TRIAL |
| Defendant. | |

**FIRST AMENDED COMPLAINT**

NOW comes DAVID ALLEN HANCOCK ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of EDUCATIONAL CREDIT MANAGEMENT CORPORATION ("Defendant"), as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 for Defendant's unlawful practices.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Indiana and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Indiana.

## PARTIES

4. Plaintiff is a 41-year-old natural person residing at 612 Camellot Manor, Portage, Indiana, which falls within the Northern District of Indiana.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant operates in the areas of student loan bankruptcy management and loan collection. Defendant's principal place of business is located at 111 South Washington Avenue, Suite 1400, Minneapolis, Minnesota, and is engaged in the business of collecting or attempting to collect, directly or indirectly, student loans owed or due or asserted to be owed or due using the mail and telephone across the country, including in Indiana.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. Years ago, Plaintiff entered into an obligation for a student loan in order to further his education.

10. Experiencing financial hardship, Plaintiff eventually fell behind on his student loan payments.

11. In 2016, Plaintiff began receiving phone calls to his cellular phone, (219) XXX-8195, from Defendant.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the above cellular telephone ending in 8195. Plaintiff is and has always been financially responsible for the cellular phone and its services.

13. The phone number that Defendant most often uses to call Plaintiff's cellular phone is (612) 260-8717, but upon belief, it has used other phone numbers as well.

14. Upon information and belief, the above phone number ending in 8717 is regularly used by Defendant to contact consumers during its collection activities.

15. Upon answering Defendant's phone calls, Plaintiff experiences a brief pause, lasting approximately four to five seconds in length, before a live representative begins to speak.

16. Plaintiff was informed by one of Defendant's representatives that it was seeking to collect upon a defaulted student loan.

17. Lacking the ability to pay Defendant, Plaintiff demanded that it stop calling him.

18. Despite Plaintiff's demands, Defendant has continued to call his cellular phone up until the date of the filing of this complaint.

19. On several answered calls and in correspondence sent to Plaintiff, Defendant failed to identify itself as a debt collector.

20. Plaintiff has received not less than 31 phone calls from Defendant since asking it to stop calling.

21. Defendant has even called Plaintiff while he has been at work, which has been extremely disruptive and has impacted his performance.

22. Seeing no alternative to ending Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in fees and expenses.

23. Even after the instant lawsuit was filed and Defendant was aware that Plaintiff was represented by an attorney, Defendant continued to place calls to Plaintiff's cellular phone.

24. With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $56.00 to purchase and maintain an application subscription on his cellular phone to block the calls, resulting in pecuniary loss.

25. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff repeats and realleges paragraphs 1 through 25 as though full set forth herein.

27. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

28. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

29. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

30. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a.  **Violations of FDCPA §1692c(a)(1) and §1692d**

31. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in

4

connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

32. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being notified to stop. Defendant systematically contacted Plaintiff not less than 31 times, and has continued to call him up until the present day. Even after being told to stop, Defendant continued its oppressive conduct in an attempt to procure payment from Plaintiff. This repeated behavior of calling Plaintiff's phone on a daily basis in spite of his demands was harassing and abusive.

33. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to him.

### b. Violations of FDCPA § 1692c(a)(2)

34. The FDCPA, pursuant to 15 U.S.C. § 1692c(a)(2) prohibits a debt collector from communicating with a consumer "if the debt collector knows the consumer is represented by an attorney with respect to such debt . . . ."

35. Defendant violated § 1692c(a)(2) when it continued to place phone calls to Plaintiff's cellular phone after the instant lawsuit was filed and after Defendant became aware that Plaintiff was represented by an attorney. The instant lawsuit was originally filed on July 21, 2017. Defendant's account notes regarding Plaintiff acknowledge its awareness of the litigation on July 27, 2017. At this time, Defendant knew or could readily ascertain that Plaintiff was represented by the undersigned counsel. However, notwithstanding its awareness, Defendant continued to call Plaintiff well into September 2017. As such, Defendant knowingly contacted a represented party in violation of 15 U.S.C § 1692c(a)(2).

### c. Violations of FDCPA § 1692e

5

36. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

37. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).
>
> "The failure to disclose . . . that the communication is from a debt collector . . . ." 15 U.S.C. § 1692e(11).

38. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the alleged debt. In spite of the fact that Plaintiff demanded that it stop contacting him, Defendant continued to ceaselessly contact him via automated calls. Instead of putting an end to this harassing behavior, Defendant systematically placed at least 31 phone calls to Plaintiff's cellular phone in a deceptive attempt to force him to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him via an automated system when it no longer had consent to do so.

39. Additionally, Defendant violated § 1692e and e(11) when, during both written and oral communications with Plaintiff, it failed to identify itself as a debt collector. As demonstrated by the recordings of Defendant's phone calls to Plaintiff, there were several conversations during which Defendant's representatives failed to identify that the calls were from a debt collector. Furthermore, written correspondence sent to Plaintiff failed to contain a similar disclosure. Defendant's conduct in failing to identify itself as a debt collector on communications with Plaintiff constitutes a clear violation of § 1692e and e(11).

    **d. Violations of FDCPA § 1692f**

40. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

41. Defendant violated §1692f when it unfairly and unconscionably attempted to collect upon a debt by continuously calling Plaintiff after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without his permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

42. As pled in paragraphs 20 through 25, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, DAVID ALLEN HANCOCK, respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

   b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

   c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

   d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

   e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

43. Plaintiff repeats and realleges paragraphs 1 through 42 as though fully set forth herein.

44. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to

store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

45. Defendant used an ATDS in connection with its communications directed towards Plaintiff.  The brief pause, lasting approximately four to five seconds in length, that Plaintiff experiences during answered calls before being connected to a live representative of Defendant is instructive that an ATDS is being used. Similarly, the frequency and nature of Defendant's contacts strongly suggests that a predictive dialing ATDS was being used to generate them.

46. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS after he revoked consent.  Any consent that Plaintiff *may* have given to the originator of the consumer debt, which Defendant will likely assert transferred down, was specifically revoked by Plaintiff's numerous demands that it cease contacting him.

47. The calls placed by Defendant to Plaintiff were regarding collection and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

48. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, DAVID ALLEN HANCOCK, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

    d.  Enjoining Defendant to cease contacting Plaintiff; and

    e.  Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

49. Plaintiff repeats and realleges paragraphs 1 through 48 as though fully set forth herein.

50. Defendant violated I.C. 24-5-0.5-3(a) and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic collection efforts towards Plaintiff.

51. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).

> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227." I.C. 24-5-0.5-3(b)(19).

52. Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

53. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

54. Defendant's collection calls to Plaintiff were "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

55. Defendant engaged in unfair, abusive, and deceptive behavior in its transactions with Plaintiff. Through systematic and frequent collection attempts, Defendant has used an ATDS to relentlessly contact Plaintiff. Defendant was specifically notified by Plaintiff to stop contacting him. Any consent Plaintiff may have given was explicitly revoked by his demands that it cease.

9

However, Defendant purposefully ignored Plaintiff's prompts in an abusive attempt to collect payment from him.

56. Through its conduct, Defendant falsely represented that it had the lawful ability to contact Plaintiff through means of an ATDS.  Once Plaintiff demanded that it stop calling him, Defendant was obligated under the TCPA to cease its contacts.  In defiance of the law, however, Defendant continued its deceptive conduct.  Upon information and belief, Defendant engages in this conduct on a systematic and frequent basis, knowing that consumers are unlikely to be aware of their rights and susceptible to sustained pressure.

57. In violating the TCPA, Defendant in further violated one of the specifically enumerated prongs of the IDCSA, I.C. 24-5-0.5-3(b)(19).  "In other words, an IDCSA claim may be based on one or more of the acts *or* representations on the list.  A claim may be based only on an enumerated act, and not a representations at all."  *Anderson v. O'Leary Paint Co.*, 2011 U.S. Dist. LEXIS 110837 at 17.

58. In violating the TCPA, Defendant engaged in illegal behavior during its collection efforts towards Plaintiff.   Defendant intended that Plaintiff rely on its illegal behavior.  The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

59. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater.  The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)."  I.C. 24-5-0.5-4(a)(1)(2).

60.  Defendant's conduct is part an incurable deceptive act to which notice would not remedy. Although unsuccessful, Plaintiff made attempts to correct Defendant's incurable deceptive acts by

demanding that it cease contacting him.  However, Defendant's conduct is an incurable deceptive act of which notice would not remedy.  The fact that Defendant was provided with notices to stop calling and refused to abide by said notices, evidenced by calling Plaintiff at least 31 times after he told it to stop, shows that its behavior is incurable and demonstrates it had no intention of curbing its behavior.

61. Defendant conducts the above described behavior on a wide and frequent basis.  This goes against the state's goal of preventing the phone from frequently ringing with unwanted calls.  Every call uses some of the phone owner's time and mental energy, both of which are precious.

62. In addition to inhibiting Plaintiff's time and energy, as pled in paragraphs 19 through 23, Plaintiff has suffered damages as a result of Defendant's unlawful collection practices, including spending money on the purchase of a blocking application.  Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, DAVID ALLEN HANCOCK, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a);

d. Enjoining Defendant to cease contacting Plaintiff; and

e.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: March 6, 2018                                    Respectfully submitted,

s/ Nathan C. Volheim                                    s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                        Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                   Counsel for Plaintiff
Admitted in the Northern District of Indiana            Admitted in the Northern District of Indiana
Sulaiman Law Group, Ltd.                                Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150                          900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523                               Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)                             (630) 575-8181 x110 (phone)
(630) 575-8188 (fax)                                    (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                thatz@sulaimanlaw.com